# IN THE COURT OF APPEALS OF IOWA

——————————

No. 25-0659
Filed April 29, 2026

——————————

**Nisland Asset Investment, LLC,**
Plaintiff–Appellee,

v.

**Carissa Ann Gericke, Spouse of Carissa Ann Gericke, if any, and
Carissa Ann Gericke, as Trustee of the Carissa Ann Gericke Trust U/A
Dated January 26, 2023,**
Defendants–Appellants.

——————————

Appeal from the Iowa District Court for Buchanan County,
The Honorable Richard D. Stochl, Judge.

——————————

**AFFIRMED**

——————————

Carissa Ann Gericke, Cedar Rapids, self-represented appellant.

Alex S. Berenstein and Zachary T. Greder of Crary Huff P.C., Sioux City,
attorneys for appellee.

——————————

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Langholz, J.

1

**LANGHOLZ, Judge.**

Carissa Gericke appeals the district court's order granting summary judgment to Nisland Asset Investment, LLC on its petition to quiet title to a parcel of real estate that it obtained after a prior foreclosure proceeding. The gist of Gericke's claims of error is that there were various defects in that foreclosure proceeding that she should be able to challenge for the first time in this quiet-title proceeding. She also makes stray references to the denial of her jury demand and to equitable tolling of her affirmative defenses.

But we cannot consider the merits of Gericke's arguments because she has failed to support any of them with legal authority as required by our rules of appellate procedure. *See* Iowa R. App. P. 6.903(2)(a)(8) (requiring for each issue "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on" and warning that "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). To the contrary, Gericke repeatedly cited two cases that do not exist. And she cited a third case that does exist but has nothing to do with the proposition for which she cites it or any issue in this case. It thus appears likely that she misused an artificial intelligence tool when preparing her brief.

We recognize that Gericke is representing herself. "But we do not have a double standard for those represented by counsel and those who are unrepresented—we expect all to follow our procedures." *Locher & Davis, PLC v. Ruth F. Woller Revocable Tr.*, No. 23-0944, 2024 WL 4761531, at *4 (Iowa Ct. App. Nov. 13, 2024). And we have repeatedly "stress[ed] that self-represented litigants and attorneys alike have a duty to independently verify the authenticity and veracity of all sources and assertions when relying on artificial intelligence tools to prepare trial or appellate court filings." *Luke v. Iowa Dep't of Health & Hum. Servs.*, 29 N.W.3d 635, 636 (Iowa Ct.

App. 2025); *see also In re W.G.*, No. 25-1916, 2026 WL 892837, at *2–3 (Iowa Ct. App. Apr. 1, 2026); *Goma v. Hundley*, No. 25-0619, 2026 WL 892643, at *8 (Iowa Ct. App. Apr. 1, 2026); *In re R.A.*, 24-1629, 2025 WL 2793560, at *2–4 (Iowa Ct. App. Oct. 1, 2025); *Turner v. Garrels*, No. 24-0895, 2025 WL 2537738, at *1 n.1 (Iowa Ct. App. Sep. 4, 2025).

To be sure, the citation of a nonexistent case or a case that does not stand for the proposition for which it is cited does not always result in waiver of the issue. *See, e.g.*, *Luke*, 29 N.W.3d at 635–36. But here, Gericke's arguments are so scant that nothing remains for us to consider without taking on the role of Gericke's advocate and creating her arguments on her behalf. This we cannot do. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) ("We generally will not do a party's work for them, particularly if that requires us to assume a partisan role and undertake the party's research and advocacy." (cleaned up)); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (refusing to "speculate on the arguments [the appellant] might have made and then search for legal authority and comb the record for facts to support such arguments" and thus holding that issue was not "properly presented for [the court's] review and consideration").

And so, we affirm the district court's grant of summary judgment to Nisland Asset Investment, LLC.

**AFFIRMED.**